UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WAJIHA ASHUFTA,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No: C 12-4076 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

    Plaintiff Wajiha Ashufta ("Plaintiff" or "claimant") filed the instant action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant" or "the Commissioner") denying her application for disability benefits. The parties are presently before the Court on Plaintiff's Motion for Summary Judgment (Dkt. 9) and Defendant's Cross-Motion for Summary Judgment (Dkt. 12). Having read and considered the papers submitted, and having reviewed the record, the Court hereby GRANTS Plaintiff's motion and DENIES Defendant's motion.

**I.    BACKGROUND**

    **A.    P**ROCEDURAL **H**ISTORY

    On June 9, 2009, Plaintiff filed applications for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. Administrative Record ("AR") 161. The Commissioner denied both claims initially and on reconsideration. AR 20. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Id. A hearing took place on April 12, 2011, at which time Plaintiff and a vocational expert testified. Id. On May 3, 2011, the ALJ Caroline Beers issued her Decision, which was adverse to Plaintiff. AR 29. The Appeals Council subsequently denied Plaintiff's request for relief, thus making the Decision the final decision of the

Commissioner. AR 1-3. Plaintiff now seeks judicial review of the Commissioner's final decision and requests a remand to the Commissioner for further administrative proceedings. See 42 U.S.C. §§ 405(g), 1383(c). In particular, Plaintiff contends that the ALJ erred in rejecting the findings of one of her treating physicians, Dr. Amrit Saini. The parties have filed cross-motions for summary judgment in accordance with the Court's Procedural Order for Social Security Review Actions.

### B. FACTUAL SUMMARY

#### 1. The Accident

Plaintiff was born in Afghanistan on January 1, 1964. AR 389. On August 20, 2008, Plaintiff was working as a schoolteacher when one of her students twisted her right hand, injuring her right wrist, and requiring medical treatment. Id. As a result of the accident, Plaintiff sustained injuries diagnosed as a partial thickness TFCC (cartilage) tear. AR 357. In addition to continued pain in her right wrist, Plaintiff also developed knee and back pain. AR 420, 451. In or about August 2009, Plaintiff was diagnosed with depression. AR 521.

#### 2. Opinions of Treating Physicians

The ALJ received written reports on Plaintiff's condition from numerous treating physicians. Plaintiff alleged she was disabled on the basis of her wrist injury and because of mental impairments. In connection with these conditions, Plaintiff received treatment from Drs. John Giddens, Jan Dickey and Amrit Saini.

In June 2009, Dr. Giddens completed a "Primary Treating Physicians Permanent and Stationary Report" in which he noted that Plaintiff may not return to her "usual occupation" due to her physical wrist injury and symptomology. AR 396. Dr. Giddens' report took into account Plaintiff's "medical records from primary treating physicians[,] ... diagnostic studies, and consultation and treatment notes from specialists." AR 396.

Plaintiff first sought treatment from Dr. Jan Dickey in August 2009. AR 541-542. Dr. Dickey's handwritten notes recorded during Plaintiff's appointments typically stated that Plaintiff experienced "chronic pain in her right hand," "depression and anxiety,"

1   "insomnia and sleeplessness," "headaches," and "fatigue."  AR 521-548.  As the
2   appointments progressed, additional symptoms were noted including "hallucinations" and
3   residual effects from prescribed medication, such as "dizziness."  AR 521-542.  On July 6,
4   2010, Dr. Dickey completed a "Physical Residual Functional Capacity Questionnaire" in
5   which he concluded that Plaintiff was "incapable of even 'low stress' jobs," and is likely to
6   be absent from work "[m]ore than four days per month."  AR 544, 545, 548.

7       In October 2010, Dr. Amrit Saini, a psychiatrist, began treating Plaintiff for
8   depression and anxiety.  AR 556-574.  Plaintiff reported symptoms that were consistent
9   with her previous medical complaints.  AR 556-574.  Dr. Saini's diagnosis and prescribed
10  treatments were also consistent with Plaintiff's medical history.  AR 556-574.  In
11  December 2010, Dr. Saini completed a "Mental Residual Functional Capacity
12  Questionnaire," and concluded that Plaintiff was "unable to meet competitive [work]
13  standards" for numerous reasons such as the inability to "[u]nderstand and remember very
14  short and simple instructions ... [and the inability to] [m]aintain regular attendance."  AR
15  556-574.

16  **2.    The ALJ's Decision**

17      Applying the requisite five-step sequential evaluation[1], the ALJ found that neither
18  Plaintiff's physical nor her mental impairments were sufficiently severe to sustain a finding
19  of disability.  Although concluding that Plaintiff has severe impairments, including a sprain

---

[1] Under Title II of the Social Security Act, disability insurance benefits are available when an eligible claimant is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  To determine a claimant's eligibility, the ALJ engages in a five-step sequential evaluation process to determine whether a claimant is disabled under the Act.  20 C.F.R. § 404.1520(a).  To establish disability, the claimant bears the burden of showing (1) that he is not working; (2) that he has a severe physical or mental impairment; (3) that the impairment meets or equals the requirements of a listed impairment; and (4) that his residual functional capacity ("RFC") precludes him from performing his past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  At Step Five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy.  <u>Hoopai v. Astrue</u>, 499 F.3d 1071, 1074 (9th Cir. 2007).  If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step.  20 C.F.R. § § 404.1520(a)(4), 416.920(a)(4).

of the styloid attachment in the right wrist, volar ganglion cysts, depression, and anxiety, the ALJ nonetheless found that such impairments did not rise to the level of a requisite disability. AR 22. The ALJ also found that Plaintiff has the residual functional capacity ("RFC")[2] to perform less than a full range of light work, with lifting and carrying of 10 pounds occasionally and infrequently, unlimited standing, walking and sitting, pushing, pulling, lifting or twisting of no more than 5 pounds with the upper right extremity, frequent reaching, handling, fingering, and feeling bilaterally, frequent climbing up stairs and ladders, and frequent balancing, kneeling, stooping, crouching and crawling. AR 24. The ALJ also noted that "the claimant is further limited to performing simple, entry-level work." AR 24. Ultimately, the ALJ decided that "taking into consideration all of the evidence of record, including the claimant's allegations of pain and other symptoms[,] that the claimant is able to perform less than a full range of light work," and thus denied Plaintiff's request for disability benefits. AR 28.

## II.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a district court has authority to review a Commissioner's decision to deny disability benefits to a claimant. The Court's review is limited to an adjudication of whether the Commissioner's findings are supported by substantial evidence and based upon the proper legal standards. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). Substantial evidence is more than a mere scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Desrosiers v. Sec. of HHS, 846 F.2d 573, 575-76 (9th Cir. 1988). The Court must "review the administrative record as a whole, weighing both

---

[2] RFC measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" (mental or sensory related) limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). An RFC assessment must be based on all of the relevant evidence in the case record, including medical history and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, medical source statements, effects of symptoms (including pain) that are reasonably attributed to a medically determinable impairment, evidence of attempts to work, the need for a structured living environment, and available work evaluations. SSR 96-8p, 1996 WL 374184 at *5; 20 C.F.R. §§ 404.1513, 404.1529.

1
2
3
4
5

the evidence that supports and the evidence that detracts from the Commissioner's conclusion. Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "Where the evidence can reasonably support either affirming or reversing the decision, [this Court] may not substitute [its] judgment for that of the Commissioner." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

## II. DISCUSSION

### A. ISSUES

Plaintiff argues that the ALJ failed to properly consider the testimony of treating physician Dr. Saini. There are three types of physicians whose opinions may be considered by the ALJ: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995). A treating physician's opinion is entitled to the most weight, id., since he or she "is employed to cure and has a greater opportunity to know and observe the patient as an individual," Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 831. To reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id

Plaintiff first sought treatment from Dr. Saini in October 2010. AR 26. In December 2010, Dr. Saini concluded that "since June 2009, the claimant had been unable to meet competitive work standards with respect to most of the mental abilities and aptitudes needed to perform unskilled work." AR 26. Similarly, in his "Mental Residual Functional Capacity Questionnaire," Dr. Saini noted that after evaluating Plaintiff, he concluded that she has suffered from "Major Depressive Disorder with Psychotic Features"

**1**  since June 2009.  AR 550.³  As a treating physician, Dr. Saini's opinions and findings
**2**  should have been afforded the most weight.  Lester, 81 F.3d at 831.  "The Commissioner is
**3**  required to give weight not only to the treating physician's clinical findings and
**4**  interpretation of test results, but also to his subjective judgments."  Id. at 832-33.

**5**  Despite the significant weight to which Dr. Saini's opinions are legally entitled, the
**6**  ALJ effectively ignored his findings on the ground that he began treating her *after* the onset
**7**  of her disability.  AR 27 ("[T]he undersigned does not afford great deference to Dr. Saini's
**8**  opinion as his conclusion that the claimant had been limited in her capacity for work[,]
**9**  since June 2009 ... precedes the date on which he first began treating the claimant.").
**10** However, the Commissioner cites no authority holding that the mere fact that a physician
**11** began treating a claimant after the alleged onset of a disability necessarily renders that
**12** physician unqualified to opine when he or she became disabled.  It is axiomatic that a
**13** psychiatrist such as Dr. Saini is in a position to diagnose conditions and form medical
**14** opinions, including the etiology of a particular condition, based on his education,
**15** knowledge, skill, training and experience.  The ALJ made no finding regarding Dr. Saini's
**16** qualifications.  Thus, for the ALJ to summarily have rejected Dr. Saini's findings based
**17** solely on the date he began treating Plaintiff contravenes the requirement that the ALJ
**18** provide specific and legitimate reasons for rejecting a treating physician's opinion.

**19** The Commissioner suggests that the ALJ could have rejected Dr. Saini's opinion on
**20** the ground that he had been treating Plaintiff for only a few months when he rendered his
**21** opinion.  Def.'s Cross Mot. at 2.  However, the ALJ did *not* reject Dr. Saini's opinion on
**22** that basis.  As a result, the Commissioner cannot rely on post hoc speculation or
**23** rationalizations to justify the ALJ's decision.  See Orn v. Astrue, 495 F.3d 625, 630 (9th
**24** Cir. 2007) ("We review only the reasons provided by the ALJ in the disability
**25** determination and may not affirm the ALJ on a ground upon which he did not rely.").

---

³ Dr. Dickey, another treating physician, also concluded that Plaintiff's mental impairments rendered her disabled and unable to work.  AR 521-48.  The ALJ discounted Dr. Dickey's opinion on the ground that he is an internist, as opposed to a licensed psychiatrist (like Dr. Saini).  AR 27.

1  Indeed, it would be error for this Court to affirm the ALJ's decision based on such
2  evidence.  Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the
3  district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not
4  discuss.").

5      **B.**    **REMEDY**

6      As relief, Plaintiff requests that the Court remand for "additional proceedings so that
7  the ALJ may properly assess Dr. [Saini]'s opinion." Pl.'s Mot. at 6.   "[R]emand is proper
8  where additional administrative proceedings could remedy defects." Kail v. Heckler, 722
9  F.2d 1496, 1497 (9th Cir. 1984) (citing Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir.
10 1981)).  In cases where it appears that an ALJ's proper review of additional evidence
11 submitted may materially alter the ALJ's disability determination, remand is proper.  See
12 Warner v. Astrue, 859 F. Supp. 2d 1107, 1117 (C.D. Cal. 2012).  The Court finds that
13 further administrative proceedings will allow the ALJ to properly consider the opinion of
14 Dr. Saini and determine whether it materially alters her disability determination.  Remand
15 is therefore appropriate.

16 **III.   CONCLUSION**

17     For the reasons stated above,
18     IT IS HEREBY ORDERED THAT Plaintiff's motion for summary judgment is
19 GRANTED and the Commissioner's cross-motion for summary judgment is DENIED.  The
20 action shall be REMANDED to the Commissioner for further findings consistent with this
21 opinion.  The Clerk shall close the file and terminate all pending matters.
22     IT IS SO ORDERED.

23
24 Dated: 3/31/14

                   *Saundra B Armstrong*
25                 SAUNDRA BROWN ARMSTRONG
                United States District Judge
26
27
28