```
TONY ARJO, SBN 151890
1440 Broadway, Suite 1019
Oakland, CA 94612
(510) 451-2334
FAX: (510) 451-2310
```

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WAJIHA ASHUFTA,<br><br>        Plaintiff<br><br>        vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security,<br><br>        Defendant | CIVIL NO. 12-4076 SBA<br><br>STIPULATION AND ~~PROPOSED~~ ORDER AWARDING ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. §2412(d) |

      IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of THREE THOUSAND, THREE HUNDRED AND FORTY-SEVEN DOLLARS ($3347.00), and costs in the amount of THREE HUNDRED AND FIFTY DOLLARS ($350.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§1920, 2412(d).

      After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and costs to Plaintiff's attorney. The retainer agreement containing the assignment is attached. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to

any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, Wajiha Ashufta, but if the Department of the Treasury determines that Wajiha Ashufta does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Plaintiff's attorney, Tony Arjo, pursuant to the assignment executed by Wajiha Ashufta.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses and costs, and does not constitute an admission of liability on part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims and/or Plaintiff's attorney may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Tony Arjo to seek Social Security Act attorney fees under 42 U.S.C §406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

DATE: May 20, 2014              By:    /s/ Tony Arjo
                                       TONY ARJO
                                       Attorney for Plaintiff

DATE: May 20, 2014              MELINDA L. HAAG
                                United States Attorney
                                By:    /s/ Patrick William Snyder*
                                       (*by email authorization on 5/19/14)
                                       PATRICK WILLIAM SNYDER
                                       Special Assistant United States Attorney
                                       Attorneys for Defendant

ORDER

APPROVED AND SO ORDERED.

DATED: 6/11/2014

_____
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE